Case 3:10-cv-12840-DRH-PMF   Document 8   Filed 03/11/13   Page 1 of 5   Page ID #74

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

| | |
|---|---|
| *Ashley Behnke v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:12-cv-11070-DRH-PMF |
| *Andrea Branch Miller v. Bayer Corp., et al.* | No. 3:12-cv-11096-DRH-PMF |
| *Kimberly Busan, et al. v. Bayer Corp., et al.*[1] | No. 3:12-cv-10690-DRH-PMF |
| *Nicole Carbonaro v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:12-cv-10788-DRH-PMF |
| *Elizabeth Carrion, et al. v. Bayer Corp., et al.*[2] | No. 3:12-cv-10704-DRH-PMF |
| *Teffeny Collier-Wright v. Bayer Corp., et al.* | No. 3:12-cv-20105-DRH-PMF |
| *Danielle Davis v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:12-cv-11137-DRH-PMF |
| *April Dugger, et al. v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.*[3] | No. 3:11-cv-12436-DRH-PMF |
| *Amanda Fuller v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:12-cv-11161-DRH-PMF |
| *Frederica Gallagher, et al. v. Bayer Corp., et al.*[4] | No. 3:12-cv-10701-DRH-PMF |

---

[1]  This order applies only to plaintiffs Pamela McClellan and Lindsay Perrotta.

[2]  This order applies only to plaintiffs Andria Bowman and Elizabeth Carrion.

[3]  This order applies only to plaintiff April Dugger.

[4]  This order applies only to plaintiffs Rita Bhojani, Lisa Reed, and Rachael Young.

| | |
|---|---|
| *Heather Glass v. Bayer Corp., et al.* | *No. 3:12-cv-10991-DRH-PMF* |
| *Jordon Henderson, et al. v. Bayer Corp., et al.[5]* | *No. 3:12-cv-10700-DRH-PMF* |
| *Erin Knowles v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | *No. 3:12-cv-10039-DRH-PMF* |
| *Paula Krutilek, et al. Bayer Corp., et al.[6]* | *No. 3:12-cv-10698-DRH-PMF* |
| *Jelisa Laurent v. Bayer Corp., et al.* | *No. 3:12-cv-10465-DRH-PMF* |
| *Theira Lopez v. Bayer Corp., et al.* | *No. 3:10-cv-12840-DRH-PMF* |
| *Melodie Mixon v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | *No. 3:12-cv-10581-DRH-PMF* |
| *Alexandrea Noack v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | *No. 3:12-cv-11160-DRH-PMF* |
| *Kelli Plummer v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | *No. 3:12-cv-11283-DRH-PMF* |
| *Gabrielle Qualman v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | *No. 3:12-cv-10040-DRH-PMF* |
| *Stephanie Schwartz v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | *No. 3:12-cv-10706-DRH-PMF* |
| *Elizabeth Stillion, et al. v. Bayer Corp., et al.[7]* | *No. 3:12-cv-10855-DRH-PMF* |
| *Elizabeth Stoneburg v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | *No. 3:12-cv-10119-DRH-PMF* |
| *Jennifer Sykes v. Bayer Corp., et al.* | *No. 3:12-cv-10715-DRH-PMF* |
| *Natasha Thompson v.*<br>*Bayer HealthCare Pharmaceuticals Inc., et al.* | *No. 3:12-cv-10789-DRH-PMF* |

---

[5] This order applies only to plaintiffs Mychelle Dixson, Courtney Green and Jordon Henderson.

[6] This order applies only to plaintiffs Paula Krutilek, Gaynell Walters, and Michelle Wright.

[7] This order applies only to plaintiff Monica McClary.

| | |
|---|---|
| *Candace and Michael Trahan v. Bayer Corp., et al.* | *No. 3:12-cv-10847-DRH-PMF* |
| *Adrianne Watson v. Bayer Corp., et al.* | *No. 3:12-cv-10838-DRH-PMF* |
| *Rachel Weitzman v. Bayer Corp., et al.* | *No. 3:12-cv-10841-DRH-PMF* |

### ORDER OF DISMISSAL WITHOUT PREJUDICE
### (Failure To Comply With PFS Obligations)

**HERNDON, Chief Judge:**

This matter is before the Court on the Bayer defendants' motion, pursuant to Case Management Order 12 ("CMO 12")[8] for an order of dismissal, without prejudice, of the plaintiffs' claims in the above captioned cases for failure to comply with Plaintiff Fact Sheet ("PFS") obligations.

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, the plaintiffs in the above-captioned matters were to have served completed PFSs on or before November 18, 2012 (*See e.g., Ashley Behnke v. Bayer HealthCare Pharmaceuticals Inc., et al* No. 3:12-cv-11070-

---

[8] The parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

DRH-PMF Doc. 8-1).[9] Per Section E of CMO 12, Notice of Overdue Discovery was sent on or before December 14, 2012 (*See e.g., Ashley Behnke v. Bayer HealthCare Pharmaceuticals Inc., et al* No. 3:12-cv-11070-DRH-PMF Doc. 8-2).[10] As of the filing of Bayer's motion to dismiss, Bayer still had not received completed PFS materials from the plaintiffs in the above-captioned matters and the plaintiffs' PFS materials were more than two months overdue.

Under Section E of CMO 12, the **plaintiffs were given 14 days from the date of Bayer's motion**, in this case 14 days from February 8, 2013, to file a response either certifying that they served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.[11]

---

[9] Identical motions were filed in each of the above captioned cases. For ease of reference the Court refers to the motion and exhibits filed in *Ashley Behnke v. Bayer HealthCare Pharmaceuticals Inc., et al* No. 3:12-cv-11070-DRH-PMF (Docs. 8, 8.1, 8.2).

[10] A similar case specific notice of over-due discovery was sent to each of the subject plaintiffs and is attached as an exhibit to Bayer's motion to dismiss in each of the above captioned member actions.

[11] Responses to Bayer's motion to dismiss were due 14 days from February 8, 2013 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that **when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**. *See* **United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").** The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

To date, none of the plaintiffs in the above captioned member actions has filed a response.[12]  Because the plaintiffs have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have failed to comply with their PFS obligations under CMO 12.  **Accordingly, the claims of the above captioned plaintiffs are hereby dismissed without prejudice.**

The Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve the defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

So Ordered:

David R. Herndon
2013.03.11
14:57:23 -05'00'

**Chief Judge**                                                **Date:  March 11, 2013**
**United States District Court**

---

[12] In *Elizabeth Stillion, et al. v. Bayer Corp., et al.* No. 3:12-cv-10855-DRH-PMF (motion applicable to plaintiff Monica McClary only), counsel filed a motion to withdraw as counsel of record for plaintiff Monica McClary (Doc. 9) (citing a long-standing inability to locate and communicate with plaintiff Monica McClary). In a separate order, the Court is denying counsel's motion to withdraw as counsel of record.

5